CHRISTIAN v SANAK

Docket No. 102937. Submitted April 17, 1989, at Lansing. Decided
    August 7, 1989.

William Joe Christian sustained injury in a snowmobile accident
    on February 6, 1985, after leaving the Cedar Inn. His wife,
    Laura Christian, individually and as next friend of their minor
    daughter, Kristina Christian, filed on September 23, 1986, in
    Roscommon Circuit Court a dramshop action against Luke F.
    Sanak, individually and doing business as the Cedar Inn.
    Plaintiff alleged that defendant's employees had served intoxi-
    cating liquor to her husband while he was visibly intoxicated.
    Plaintiff also alleged that her husband's accident had caused
    her and her daughter to suffer losses consisting of the expenses
    for the medical care and treatment of her husband, the reason-
    able value of the services of her husband, and the reasonable
    value of the society, companionship and relationship with her
    husband. Defendant moved for leave to file a third-party com-
    plaint against Mr. Christian for indemnification. The court,
    Carl L. Horn, J., denied the motion. Defendant appealed by
    leave granted.

The Court of Appeals *held:*

Public Act No. 176 of 1986 amended the dramshop act in two
    respects relevant to this case. First, the act now provides that
    in causes of action arising on or after July 1, 1986, no person
    may recover for the loss of financial support, services, gifts,
    parental training, guidance, love, society, or companionship of
    the alleged intoxicated person. Second, the act provides that in
    all dramshop actions filed on or after July 1, 1986, the dram-
    shop defendant shall have the right to full indemnification
    from the alleged intoxicated person for all damages awarded
    against the dramshop defendant. In this case, application of the
    amendments may work a conflicting result in that allowing
    indemnification may reduce plaintiff's actual recovery. How-

REFERENCES

Am Jur 2d, Intoxicating Liquors § 612.
Intoxicating liquors: Right of one liable under Civil Damage Act to
    contribution or indemnity from intoxicated person, or vice versa.
    31 ALR3d 438.

ever, this Court is constrained to give effect to the Legislature's intent. Accordingly, the trial court abused its discretion in denying defendant's motion.

Reversed and remanded.

INTOXICATING LIQUORS — DRAMSHOP ACT — INDEMNIFICATION BY ALLEGED INTOXICATED PERSON.

In all dramshop actions filed on or after July 1, 1986, the dramshop defendant shall have the right to full indemnification from the alleged intoxicated person for all damages awarded against the dramshop defendant; this right of indemnification applies to a cause of action accruing on or before July 1, 1986, where the plaintiff and the alleged intoxicated person are related and the plaintiff seeks recovery for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged intoxicated person (MCL 436.22[7] and [10]; MSA 18.993[7] and [10]).

*Zimostrad & Zimostrad, P.C.* (by *Eric W. Zimostrad*), for plaintiff.

*Seward, Tally & Piggott, P.C.* (by *John W. Piggott* and *Kenneth K. Wright*), for defendant.

Before: SULLIVAN, P.J., and SAWYER and MARILYN KELLY, JJ.

SAWYER, J. Defendant appeals by leave granted from an order of the circuit court denying defendant's motion for leave to file a third-party complaint. We reverse.

This case arises from the February 6, 1985, snowmobile accident of William Joe Christian, plaintiff's husband and the father of Kristina Christian. William Christian was injured when the snowmobile he was operating crashed into an automobile parked on the shoulder of a road located in Roscommon County. On September 23, 1986, plaintiff commenced the instant action against defendant under the dramshop act, MCL 436.22; MSA 18.993, on her own behalf and in her capacity as the next friend of her minor daughter.

Plaintiff alleged that prior to the accident William Christian was served, sold, given or otherwise furnished with intoxicating liquors by defendant's employees in spite of the fact that he was visibly intoxicated. Plaintiff further alleged that the serving of these intoxicating liquors to William Christian was the proximate cause of the accident. Finally, plaintiff alleged that the accident caused her and her daughter to suffer damages, specifically the reasonable expense of the necessary medical care and treatment of William Christian, the reasonable value of the services of William Christian of which plaintiff and her daughter had been and will continue to be deprived, and the reasonable value of the society, companionship and relationship with William Christian of which plaintiff and her daughter had been and continue to be deprived.

Defendant moved for leave to file a third-party complaint against William Christian pursuant to MCL 436.22(7); MSA 18.993(7), which allows a liquor-licensee defendant in a dramshop action to seek full indemnification from the allegedly intoxicated person. The trial court denied the motion. We granted defendant leave to appeal from the interlocutory order to review the indemnification issue.

The Legislature amended the dramshop act in 1986, making a number of changes to that statute. See 1986 PA 176, effective July 7, 1986. Among the changes was a provision that no person shall have a cause of action under the dramshop act for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the allegedly intoxicated person. MCL 436.22(10); MSA 18.993(10). The parties agree that this section is not applicable to the instant case since the cause of action arose prior to July 1,

1986, and the provisions of 1986 PA 176 clearly indicate that the new subsection 10 does not apply to causes of action which arise before July 1, 1986. See 1986 PA 176, § 2(2).

At issue in this appeal, however, is the applicability of another subsection added by the 1986 amendment which gave dramshop defendants the right of indemnification against the allegedly intoxicated person. See MCL 436.22(7); MSA 18.993(7), which provides as follows:

> Any licensee subject to the provisions of subsection (4) regarding the unlawful selling, furnishing, or giving of alcoholic liquor to a visibly intoxicated person shall have the right to full indemnification from the alleged visibly intoxicated person for all damages awarded against the licensee.

By the specific terms of the statutory amendment, however, that subsection only applies to cases filed on or after July 1, 1986. See 1986 PA 176, § 2(3).

Defendant contends that, since the complaint in the case at bar was filed after July 1, 1986, he is entitled to seek indemnification against the alleged intoxicated person, William Christian. Plaintiff argues that we should construe the statute in such a manner as to hold that the indemnification provision does not apply where the plaintiff is a member of the family of the visibly intoxicated person and where the cause of action arose before July 1, 1986.[1] Plaintiff further argues that to allow indemnification in the case at bar would be, in effect, to wipe out plaintiff's right of recovery since any money recovered by her would have to be

---

[1] In fact, the problem presented in the case at bar will only apply to those cases where the accident occurred prior to July 1, 1986, but the complaint was not filed until on or after July 1. For those accidents occurring after July 1, the provisions of the 1986 amendment prevent recovery for family members and for those actions where the complaint was filed prior to July 1, there is no right of indemnification.

repaid to defendant by plaintiff's husband. Plaintiff suggests that her interpretation or construction of the statute is necessary to avoid an illogical result.

While we agree with plaintiff that the provisions of the statute may work a conflicting result in the case at bar,[2] permitting plaintiff to recover against the bar and the bar to receive indemnification by plaintiff's husband, we see no need to construe the statute involved. The primary and overriding rule in determining whether to apply a statute prospectively or retroactively is the intent of the Legislature. *Franks v White Pine Copper Div,* 422 Mich 636, 670; 375 NW2d 715 (1985). Section 2 of 1986 PA 176 clearly and unambiguously sets forth the prospective and retrospective application of the amendatory provisions of the act:

> (1) Subsection (5) of section 22 of Act No. 8 of the Public Acts of the Extra Session of 1933, as amended by this amendatory act, shall not apply to causes of action which arise before July 1, 1986.
> (2) Subsections (9), (10), and (11) of section 22 of Act No. 8 of the Public Acts of the Extra Session of 1933, as added by this amendatory act, shall not apply to causes of action which arise before July 1, 1986.
> (3) Subsections (7) and (8) of section 22 of Act No. 8 of the Public Acts of the Extra Session of 1933 and section 22h, as added by this amendatory act, shall apply to cases filed on or after July 1, 1986.

From the above provisions, it is clear that defendant has a right of indemnification against William Christian under the clear provisions of the statute. Accordingly, we conclude that the trial

---

[2] Although we note that defendant would have to look to William Christian's assets to receive indemnification and could not attach plaintiff's separate assets, the real effect might well be to take with the left hand that which was given by the right hand.

court abused its discretion in denying defendant's motion for leave to file the third-party complaint against William Christian. See *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 323; 174 NW2d 797 (1970).

Before concluding, however, we wish to make clear the scope of our decision. We only hold in this opinion that the statute, by its terms, applies to the case at bar and that defendant may bring an indemnification action against William Christian under the provisions of the statute. We do not conclude, however, that the statute is itself valid or that the Legislature may properly establish an indemnification action against an alleged intoxicated person where the cause of action arose prior to the passage of the statute. That is, once William Christian is brought in as a third-party defendant, he is free to argue that the statute cannot give defendant a right of indemnification against him because the accident occurred prior to the passage of the 1986 amendment. We specifically do not consider the question whether the Legislature can give such a right of indemnification for an accident which occurred prior to the passage of the 1986 act.

For the above reasons, we conclude that the trial court erred in denying defendant's motion to bring a third-party complaint against the alleged intoxicated person, William Christian, for indemnification. Accordingly, the trial court is directed to allow the filing of the complaint, without prejudice to William Christian to raise any defenses to the indemnification or to question the validity of applying the indemnification provision to him in the context of this case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.